IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-79,116-01






EX PARTE CHARLES THOMAS CORRELL, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 09202 IN THE 90TH DISTRICT COURT


FROM YOUNG COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession of
methamphetamine and sentenced to 16 months' imprisonment. He did not appeal his conviction.

 Applicant contends, among other things, that he successfully completed a program at a
substance abuse treatment facility as a condition of probation and was not credited with the time he
served at the facility. 

 Applicant has alleged facts that, if true, might entitle him to relief. Tex. Code Crim. Proc.
art. 42.12, § 23(b). In these circumstances, additional facts are needed. As we held in Ex parte
Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for
findings of fact. The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, §
3(d).

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent him at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law as to whether Applicant
successfully completed a program at a substance abuse treatment facility as a condition of probation
and, if so, he was credited with the time he served at the facility. The trial court shall also make any
other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition
of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 15 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 30 days of the date of this order. Any extensions of time shall be
obtained from this Court. 


Filed: March 6, 2013

Do not publish